# United States Bankruptcy Court

## Middle District of Pennsylvania
### Wilkes-Barre Division

| | |
|---|---|
| **Name of Debtor - (If individual, enter Last, First, Middle):**<br><br>**Decker Jr., Joseph** | **Name of Joint Debtor (Spouse) (Last, First, Middle):**<br><br>**Decker, Rebecca Lynn** |
| **All Other Names used by the Debtor in the last 8 years**<br>(include married, maiden, and trade names):<br><br>aka Joseph Charles Decker, Jr. | **All Other Names used by the Joint Debtor in the last 8 years**<br>(include married, maiden, and trade names):<br><br>**None** |
| **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.**<br>(if more than one, state all):<br>8130 | **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.**<br>(if more than one, state all):<br>7551 |
| **Street Address of Debtor (No. & Street, City, and State):**<br><br>1322 Callicoon Rd<br>Damascus, PA     Zip Code 18415 | **Street Address of Joint Debtor (No. & Street, City, andvState):**<br><br>1322 Callicoon Rd<br>Damascus, PA     Zip Code 18415 |
| **County of Residence or of the Principal Place of Business:**   Wayne | **County of Residence or of the Principal Place of Business:**   Wayne |
| **Mailing Address of Debtor (if different from street address):**<br><br>Zip Code | **Mailing Address of Joint Debtor (if different from street address):**<br><br>Zip Code |
| **Location of Principal Assets of Business Debtor:**<br>(if different from address listed above)<br><br>Zip Code | **Attorney for Debtor:**   Raymond W. Ferrario      35096<br>Raymond W. Ferrario, P.C.<br>538 Spruce Street<br>Suite 528        Tel: (570) 963-7878<br>Scranton, PA 18503-1816    Fax: (570) 963-7850<br>E-mail: ferrariobk@commcourse.com |

| **Type of Debtor** (Form of Organization)<br>**(Check one box)** | **Nature of Business**<br>(Check all applicable boxes) | **Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)** |
|---|---|---|
| ☒ Individual (includes joint debtors)<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)<br><br>State type of entity:<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3) | ☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9    ☐ Chapter 12<br>      ☐ Chapter 13     ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Nature of Debts (Check one box)**
☒ Consumer/Non-Business     ☐ Business

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business under 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

| **Filing Fee (Check one box)** |
|---|
| ☒ Full filing fee attached<br>☐ Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B |

**Statistical/Administrative Information** (Estimates only)
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE FOR COURT USE ONLY**

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

## Voluntary Petition

(This page must be completed and filed in every case).

**Name of Debtor(s):**
Joseph Decker Jr. and Rebecca Lynn Decker

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheets) | | |
|---|---|---|
| **Location Where Filed:** Middle District of Pennsylvania | **Case Number** 06-50932 | **Date Filed** 30-Jun-06 |

| Pending Bankruptcy Case Filed By Any Spouse, Partner Or Affiliate Of This Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| **Name of Debtor** None | **Case Number** | **Date Filed** |
| **District** | **Relationship** | **Judge** |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

X /s/Raymond W. Ferrario                    September 18, 200

Signature of Attorney for Debtor(s)                    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No

### Certification Concerning Debt Counseling by Individual/Joint Debtor(s)

☒ I/we have received approved budget and credit counseling during the 180-day period preceeding the filing of this petition.

☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue (Check any applicable box)**

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of a Residential Property

*Check all applicable boxes*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

## Voluntary Petition

(This page must be completed and filed in every case).

**Name of Debtor(s):**

Joseph Decker Jr. and Rebecca Lynn Decker

## SIGNATURES

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 and 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice requited by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/Joseph Decker Jr.
─────────────────────────────
Signature of Debtor

X  /s/Rebecca Lynn Decker
─────────────────────────────
Signature of Joint Debtor

─────────────────────────────
Telephone Number (If not represented by attorney)
September 18, 2006
─────────────────────────────
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition ot the foreign main proceeding is attached.

X ─────────────────────────────
(Signature of Foreign Representative)

─────────────────────────────
(Printed Name of Foreign Representative)

─────────────────────────────
Date

### Signature of Attorney

X  /s/Raymond W. Ferrario
─────────────────────────────
Signature of Attorney for Debtor(s)

Raymond W. Ferrario                    35096
─────────────────────────────
Printed Name of Attorney for Debtor(s)

Raymond W. Ferrario, P.C.
─────────────────────────────
Firm Name

538 Spruce Street

Suite 528

Scranton, PA  18503-1816
─────────────────────────────
Address

(570) 963-7878                    (570) 963-7850
─────────────────────────────
Telephone Number            Fax Number
E-mail: ferrariobk@commcourse.com

September 18, 2006
─────────────────────────────
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ─────────────────────────────
Signature of Authorized Individual

─────────────────────────────
Printed Name of Authorized Individual

─────────────────────────────
Title of Authorized Individual

─────────────────────────────
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that:  1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110,  2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b);  and,  3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19B is attached.

─────────────────────────────
Printed Name and title, if any,  of Bankruptcy Petition Preparer

─────────────────────────────
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer) (Required by 11 U.S.C. § 110)

─────────────────────────────
Address

X  ─────────────────────────────
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

# UNITED STATES BANKRUPTCY COURT

## Middle District of Pennsylvania
### Wilkes-Barre Division

In re:                                                                    Chapter 7
Joseph Decker Jr.                                    Case Number: _____
Last four digits of Social Security No.: 8130
Rebecca Lynn Decker
Last four digits of Social Security No.: 7551
Debtors

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL/JOINT DEBTOR

We declare under penalty of perjury that we have read the foregoing summary and schedules, consisting of 16 sheets, and that they are true and correct to the best of our knowledge, information and belief.

Date:     18-Sep-2006           Signature:     /s/Joseph Decker Jr.
                                               Joseph Decker Jr.

Date:     18-Sep-2006           Signature:     /s/Rebecca Lynn Decker
                                               Rebecca Lynn Decker

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Print or Typed Name of Bankruptcy Petition Preparer                  Social Security Number
                                                                     (Required by 11 USC § 110)

_____

_____
Address                          Tel . No.

_____                    _____
Signature of Bankruptcy Petition Preparer                            Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, _____, _____ of the _____, named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____           Signature:  _____
                                      Name:       _____
                                      Title:      _____

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C §§ 152 and 3571.

# United States Bankruptcy Court

## Middle District of Pennsylvania
### Wilkes-Barre Division

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**          Case No. _____

                                                                          (If Known)

Debtors

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts of all claims from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 3 | $16,840.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $12,164.92 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Non Priority Claims | Yes | 3 | | $108,143.98 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $1,428.25 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $2,626.00 |
| Total Number of Sheets in All Schedules ⇨ | | 15 | | | |
| Total Assets ⇨ | | | $16,840.00 | | |
| Total Liabilities ⇨ | | | | $120,308.90 | |

**In re: Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                         Chapter    7

**Last four digits of Social Security No.:   8130**

Debtors                                               7551

# SCHEDULE  A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or  "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM | P R I O R I T Y |
|---|---|---|---|---|---|
| **None** | | | | | |

                                                             Total:

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter   **7**

**Last four digits of Social Security No.:**   **8130**

Debtors            **7551**

# SCHEDULE  B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or  address of a minor child.  Simply state "a minor child".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  **Cash on hand.** | | Cash on hand | | $40.00 |
| 2.  **Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives.** | | Bank of America savings joint with mother, Susan Decker Convenience account for mother who lives with debtors | W | $100.00 |
| 3.  **Security deposits with public utilities, telephone companies, landlords, and others.** | X | | | |
| 4.  **Household goods and furnishings, including audio, video, and computer equipment.** | | Household goods, furnishings, appliances, electronics | | $4,000.00 |
| 5.  **Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles.** | | Books, pictures, art objects, antiques, collections and | | $200.00 |
| 6.  **Wearing apparel.** | | Wearing apparel | | $800.00 |
| 7.  **Furs and jewelry.** | | Jewelry | | $400.00 |
| 8.  **Firearms and sports, photographic, and other hobby equipment.** | | Camera | J | $200.00 |

__4__    continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**          Case No.

                                                            Chapter   **7**

**Last four digits of Social Security No.:   8130**
Debtors                                        **7551**

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).  Give particulars.  (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

3   continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                    Chapter    7

**Last four digits of Social Security No.:   8130**
Debtors                                                  **7551**

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. **Other liquidated debts owing debtor including tax refunds. Give particulars.** | X | | | |
| 19. **Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property.** | X | | | |
| 20. **Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust.** | X | | | |
| 21. **Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each.** | X | | | |
| 22. **Patents, copyrights, and other intellectual property. Give particulars.** | X | | | |
| 23. **Licenses, franchises, and other general intangibles. Give particulars.** | X | | | |
| 24. **Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes.** | X | | | |
| 25. **Automobiles, trucks, trailers, and other vehicles.** | | 1980 Craftsman riding tractor | J | $100.00 |
| | | 1994 Ford F350 pickup 2 WD | J | $4,000.00 |

___2___ continuation sheet(s) attached

In re:  **Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                        Chapter      **7**

**Last four digits of Social Security No.:  8130**
                                          **7551**
Debtors

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25.  **Automobiles, trucks, trailers, and other vehicles.** | | 2000 Izuzu Trooper, 115,000 ,miles, fair conditoin | | $6,000.00 |
| 26.  **Boats, motors, and accessories.** | X | | | |
| 27.  **Aircraft and accessories.** | X | | | |
| 28.  **Office equipment, furnishings, and supplies.** | X | | | |
| 29.  **Machinery, fixtures, equipment and supplies used in business.** | X | | | |
| 30.  **Inventory.** | X | | | |
| 31.  **Animals.** | X | | | |
| 32.  **Crops - growing or harvested. Give particulars.** | X | | | |
| 33.  **Farming equipment and implements.** | X | | | |

1   continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                    **Case No.**

                                                                    **Chapter**   **7**

   **Last four digits of Social Security No.:**   **8130**
   Debtors                                        **7551**

# SCHEDULE  B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  **Farm supplies, chemicals, and feed.** | X | | | |
| 35.  **Other personal property of any kind not already listed. Itemize.** | | Small hand tools | H | $1,000.00 |
| 0    continuation sheet(s) attached | | | Total   ⇨ | $16,840.00 |

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter 7

**Last four digits of Social Security No.:** 8130
7551

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under

☐ Check if debtor claims a homestead exemption that exceeds $125,000.

☒ 11 U.S.C. 522(b)(2)
☐ 11 U.S.C. 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Cash on hand | 11 USC § 522(d)(5) | $40.00 | $40.00 |
| Bank of America savings joint with mother, Susan Decker Convenience account for mother who lives with debtors | 11 USC § 522(d)(5) | $100.00 | $100.00 |
| Household goods, furnishings, appliances, electronics | 11 USC § 522(d)(3) | $4,000.00 | $4,000.00 |
| Books, pictures, art objects, antiques, collections and | 11 USC § 522(d)(3) | $200.00 | $200.00 |
| Wearing apparel | 11 USC § 522(d)(3) | $800.00 | $800.00 |
| Jewelry | 11 USC § 522(d)(4) | $400.00 | $400.00 |
| 1980 Craftsman riding tractor | 11 USC § 522(d)(5) | $100.00 | $100.00 |
| 1994 Ford F350 pickup 2 WD | 11 USC § 522(d)(2) | $4,000.00 | $4,000.00 |
| 2000 Izuzu Trooper, 115,000 ,miles, fair conditoin | 11 USC § 522(d)(2) | $1.00 | $6,000.00 |
| Small hand tools | 11 USC § 522(d)(5) | $1,000.00 | $1,000.00 |

0    continuation sheet(s) attached

**Case No.**

**Last four digits of Social Security No.:**  **8130**

Debtors  **7551**

**Chapter  7**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured claims such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   **Check this box if debtor has no creditors holding secured claims to report on this Schedule D.**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | HUS., WIFE, JOINT, OR COMM | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No: *4480            Claim: 2<br>AMERICREDIT<br>P O BOX 78143<br>PHOENIX, AZ  85062 | | W | Date Incurred:<br>Nature of Lien:  Secured Loan<br>Property:<br>2000 Izuzu Trooper, 115,000 ,miles, fair conditoin<br><br>VALUE:  $6,000.00          PRIORITY:  1 | | | | $12,164.92 | $6,164.92 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

|  | (Total of this page)  Subtotal ⇒ | $12,164.92 |
|---|---|---|
|  | Total ⇒ | $12,164.92 |

  0     continuation sheet(s) attached

**In re: Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter    7

**Last four digits of Social Security No.:  8130**

Debtors                                          **7551**

# SCHEDULE  E -  CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor may be provided if the debtor chooses to do so.  If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community".  If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Repeat this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  If applicable, also report this total on the Means Test form.

☒  **Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.**

**TYPES OF PRIORITIES (Check the appropiate box(s) below if claims in that category are listed on the attached sheets)**

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of a debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐  **Claims for Death or Personal Injury While Debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

0    continuation sheet(s) attached

**In re: Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter    7

Last four digits of Social Security No.:    8130
                                                                    7551

Debtors

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m)  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   **Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| Account No: *9586                 Claim: 6<br>ASPIRE/VISA<br>P O BOX 230007<br>COLUMBUS, GA  31902 | | W | Date Incurred:<br>Consideration for Claim:<br>CREDIT CARD | | | | $371.61 |
| Account No:                          Claim: 11<br>BORDSDAM AND DOWDING<br>1903 ROOSEVELT HWY<br>HONESDALE, PA  18431 | | J | Date Incurred:    4/05<br>Consideration for Claim:<br>JUDGMENT ENTERED | | | | $1,220.73 |
| Account No: *8-AS                Claim: 13<br>CAR LOTTA CREDIT<br>RTE 6<br>BLAKELY, PA  18508 | | J | Date Incurred:    2/05<br>Consideration for Claim:<br>Repossessed Vehicle | | | | $4,208.10 |
| Account No: *0318                Claim: 4<br>FINGERHUT/AXSYS/PALLINO REC<br>C/O ISLAND NATIONAL GROUP<br>6851 JERICHO TURNPIKE STE 180<br>SYOSSET, NY  11791 | | W | Date Incurred:    2001<br>Consideration for Claim:<br>CHARGE ACCOUNT | | | | $214.35 |
| Account No:                          Claim: 12<br>FIRMSTONE OIL<br>411 HIGH ST<br>HONESDALE, PA  18431 | | J | Date Incurred:    3/06<br>Consideration for Claim:<br>CHARGE ACCOUNT | | | | $278.58 |
| Account No: *1308                Claim: 17<br>GEISINGER MEDICAL GROUP<br>C/O PENN CREDIT CORP<br>P O BOX 988<br>HARRISBURG, PA  17108-0988 | | W | Date Incurred:    2005<br>Consideration for Claim:<br>MEDICAL | | | | $157.00 |
| Account No: *3572                Claim: 9<br>GMAC<br>BANKRUPTCY SPECIALIST<br>P O BOX 105105<br>ATLANTA, GA  30348-5105 | | H | Date Incurred:    1/06<br>Consideration for Claim:<br>Repossessed Vehicle | | | | $9,175.25 |
| | | | (Total of this page)   Subtotal ⇒ | | | | $15,625.62 |
| | | | Total ⇒ | | | | N/A |

2       continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                        Chapter    7

**Last four digits of Social Security No.:    8130**
Debtors                                          **7551**

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| **Account No: *12-2**　　　　　　　**Claim: 10**<br>HONESDALE GAS CO<br>ERIE ST<br>HONESDALE, PA  18431 | | **J** | **Date Incurred:**　1/06<br>**Consideration for Claim:**<br>UTILITY | | | | $1,601.49 |
| **Account No:**　　　　　　　　　　**Claim: 15**<br>ISLAND NATIONAL GROUP LLC<br>P O BOX 18009<br>HAUPPAUGE, NY  11788 | | **J** | **Date Incurred:**　6/99<br>**Consideration for Claim:** | | | | $214.35 |
| **Account No: *2851**　　　　　　　**Claim: 16**<br>MCI<br>P O BOX 105271<br>ATLANTA, GA  30348-5271 | | **W** | **Date Incurred:**<br>**Consideration for Claim:**<br>CHARGE ACCOUNT | | | | $359.17 |
| **Account No: *4182**　　　　　　　**Claim: 8**<br>NEXTEL<br>P O BOX 4192<br>CAROL STREAM, IL  60197 | | **H** | **Date Incurred:**　1/06<br>**Consideration for Claim:**<br>CHARGE ACCOUNT | | | | $573.33 |
| **Claim assignee　　Account No: *-102**<br>LAMONT HANLEY & ASSWOC INC<br>1138 ELM ST<br>P O BOX 179<br>MANCHESTER, NH  03101-1514 | | | **Claim Assignee For:**<br>NEXTEL | | | | |
| **Account No:**　　　　　　　　　　　**Claim: 1**<br>OCWEN/WELLS FARGO BANK MN<br>C/O IZSO & OTTO LLC<br>1030 STELTON RD STE 103<br>PISCATAWAY, NJ  08854 | | **J** | **Date Incurred:**<br>**Consideration for Claim:**<br>Mortgage Foreclosure | | | | $79,920.93 |
| **Claim Representative**<br>DAVID E ALBERTS, ESQUIRE<br>IZSO & OTTO<br>1030 STELTON RD STE 102<br>PISCATAWAY, NJ  08854 | | | **Representing:**<br>OCWEN/WELLS FARGO BANK MN | | | | |
| **Account No: *12-2**　　　　　　　**Claim: 14**<br>PG ENERGY<br>ATTN CREDIT DEPT<br>ONE PEI CTR<br>WILKES BARRE, PA  18711 | | **J** | **Date Incurred:**　4/06<br>**Consideration for Claim:**<br>UTILITY | | | | $1,601.49 |
| | | | **(Total of this page)**　Subtotal ⇒ | | | | **$84,270.76** |
| | | | Total ⇒ | | | | **N/A** |

1    continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                         Chapter    7

**Last four digits of Social Security No.:     8130**
Debtors                                                 **7551**

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| Claim Assignee<br>NCC<br>120 N KEYSER AVE<br>SCRANTON, PA  18504 | | | Claim Assignee For:<br>PG ENERGY | | | | |
| Account No: *3134                  Claim: 3<br>PP&L<br>TWO NORTH NINTH ST<br>P O BOX 3500<br>ALLENTOWN, PA  18106-0500 | | W | Date Incurred:    1/06<br>Consideration for Claim:<br>UTILITY | | | | $660.00 |
| Account No:                         Claim: 5<br>SUSHOSKY, ROBERT<br>C/O ALFRED HOWELL ESQUIRE<br>109 9TH ST FOSTER BLDG<br>HONESDALE, PA  18431 | | J | Date Incurred:<br>Consideration for Claim:<br>JUDGMENT ENTERED | | | | $4,167.26 |
| Account No: *6997                  Claim: 7<br>WAYNE ENTERPRISES<br>5 SKI RUN RD<br>P O BOX 443<br>HONESDALE, PA  18431 | | J | Date Incurred:    2001-06<br>Consideration for Claim:<br>JUDGMENT ENTERED | | | | $3,420.34 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

|  |  |
|---|---|
| (Total of this page)    Subtotal  ⇒ | $8,247.60 |
|                                    Total  ⇒ | $108,143.98 |

   0     continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                    Case No.

                                                                        Chapter      7

**Last four digits of Social Security No.:   8130**

Debtors                                                    7551

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e. "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

☐   **Check this box if debtor has no executory contracts or unexpired leases.**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Timothy J. O'Sullivan<br><br>Forest City,, PA<br><br>**Attention:**   72 Schott Rd | Residential lease with mother, Susan Decker, $1,200 mo. 1 year lease. |

0     continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                                    Case No.

                                                                                        Chapter    7

**Last four digits of Social Security No.:  8130**
                                                                7551
Debtors

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight  years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

☒   **Check this box if debtor has no codebtors.**

| NAME AND ADDRESS OF CODEBTOR. | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

0    continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**   Case No.

Chapter     7

**Last four digits of Social Security No.:     8130**
Debtors     7551

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | Age |
| Married | daughter | 10 |
| | daughter | 8 |
| | son | 11 |
| | son | 5 |

| EMPLOYMENT | | | |
|---|---|---|---|
| **DEBTOR** | | **SPOUSE** | |
| **Occupation** | | **Occupation** | Consultant |
| **Name of Employer** | Unemployed | **Name of Employer** | Foreclosure 911 |
| **How long employed** | | **How long employed** | 2 years |
| **Address of Employer** | | **Address of Employer** | 605 Cedar Avenue |
| | | | Scranton, PA  18505 |

| Income:        (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  **Current monthly gross wages, salary, and commissions** (prorate if not paid monthly.) | $0.00 | $1,075.00 |
| 2.  **Estimated monthly overtime** | $0.00 | $0.00 |
| 3.  **SUBTOTAL** | $0.00 | $1,075.00 |
| 4.  **LESS PAYROLL DEDUCTIONS** | | |
|      a. **Payroll taxes and social security** | $0.00 | $268.75 |
|      b. **Insurance** | $0.00 | $0.00 |
|      c. **Union dues** | $0.00 | $0.00 |
|      d. **Other (Specify) :** _____ | $0.00 | $0.00 |
| 5.  **SUBTOTAL OF PAYROLL DEDUCTIONS** | $0.00 | $268.75 |
| 6.  **TOTAL NET MONTHLY TAKE HOME PAY** | $0.00 | $806.25 |
| 7.  **Regular income from operation of business or profession or farm** (attach detailed statement) | $0.00 | $0.00 |
| 8.  **Income from real property** | $0.00 | $0.00 |
| 9.  **Interest and dividends** | $0.00 | $0.00 |
| 10. **Alimony, maintenance or support payments payable to the debtor for the** debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. **Social security or other government assistance** (Specify) | $0.00 | $0.00 |
| 12. **Pension or retirement income** | $0.00 | $0.00 |
| 13. **Other monthly income** | | |
|      **(Specify)** Social Security | $0.00 | $0.00 |
|          Social Security Disability | $0.00 | $0.00 |
|          Welfare assistance food stamps | $622.00 | $0.00 |

1     continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**          Case No.

                                                    **Chapter      7**

          **Last four digits of Social Security No.:      8130**

          Debtors                                  **7551**

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

### (Continuation Sheet)

| | | |
|---|---|---|
| **14.  SUBTOTAL OF LINES 7 THROUGH 13** | $622.00 | $0.00 |
| **15.  TOTAL MONTHLY INCOME** | $622.00 | $806.25 |
| **16.  TOTAL COMBINED MONTHLY INCOME**     $1,428.25 | | (Report also on Summary of Schedules) |

**17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:**
     Mother lives in household, however, has different expenses.

_0_    continuation sheet(s) attached

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**          Case No.

                                                              **Chapter    7**

**Last four digits of Social Security No.: 8130**
                                            **7551**
Debtors

# SCHEDULE  J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| **1.** Rent or home mortgage payment (include lot rented for mobile home) | $800.00 |
|    **a.** Are real estate taxes included?   Yes _____  No   X | |
|    **b.** Is property insurance included?   Yes _____  No   X | |
| **2.** Utilities:  **a.** Electricity and heating fuel | $106.00 |
|            **b.** Water and sewer | $0.00 |
|            **c.** Telephone | $90.00 |
|            **d.** Other :  Cable | $80.00 |
| **3.** Home maintenance (repairs and upkeep) | $0.00 |
| **4.** Food | $350.00 |
| **5.** Clothing | $75.00 |
| **6.** Laundry and dry cleaning | $0.00 |
| **7.** Medical and dental expenses | $25.00 |
| **8.** Transportation (not including car payments) | $450.00 |
| **9.** Recreation, clubs and entertainment, newspapers, magazines, etc. | $125.00 |
| **10.** Charitable contributions | $40.00 |
| **11.** Insurance (not deducted from wages or included in home mortgage payments) | |
|    **a.** Homeowner's or renter's | $0.00 |
|    **b.** Life | $0.00 |
|    **c.** Health | $0.00 |
|    **d.** Auto | $140.00 |
|    **e.** Other | $0.00 |
| **12.** Taxes (not deducted from wages or included in home mortgage payments) | |
|    Specify : | $0.00 |
| **13.** Installment payments: (In Chapter 11, 12 and 13 cases, do not list payments to be included in the pla | |
|    **a.** Auto | $345.00 |
|    **b.** Other | $0.00 |
| **14.** Alimony, maintenance, and support paid to others | $0.00 |
| **15.** Payments for support of additional dependents not living at your home | $0.00 |
| **16.** Regular expenses from operation of business, profession, or farm (attach detailed statement) | $0.00 |
| **17.** Other : | $0.00 |
| **18.** TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $2,626.00 |

**19.** Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

   None

**20.** STATEMENT OF NET MONTHLY INCOME

| | |
|---|---:|
|    **a.** Total monthly income from Line 16 of Schedule I | $1,428.25 |
|    **b.** Total monthly expenses from Line 18 above | $2,626.00 |
|    **c.** Monthly net income (a. minus b.) | ($1,197.75) |

0    continuation sheet(s) attached

# UNITED STATES BANKRUPTCY COURT
### Middle District of Pennsylvania
### Wilkes-Barre Division

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**                Case No. _____

Social Security No.: 8130
Social Security No.: 7551

## Statement Of Financial Affairs

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address or a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child.". See 11 U.S.C. § 112; Fed R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"IN BUSINESS." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"INSIDER." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

| None | **1. Income from employment or operation of business** |
|---|---|
| [ ] | State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

|  | Amount | Source (if more than one) | Year | Fiscal Year |
|---|---|---|---|---|
| H | $20,265.00 | Garfield Plumbing | 2005 | |
| H | $17,300.00 | Gross business income | 2004 | |

Form7. Statement of Financial Affairs

| | | | |
|---|---|---|---|
| W | $9,137.50 | Stop Foreclosure | 2006 |
| W | $15,600.00 | Stop Foreclosure | 2005 |

**None**
**[ ]**

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | **Amount** | **Source (if more than one)** | **Year** |
|---|---|---|---|
| H | $8,223.75 | Unemployment gross | 2006 |
| H | $4,712.00 | Earned Income Tax | 2005 |
| J | $2,664.00 | Income tax refund | 2004 |
| W | $2,204.00 | Earned income tax | 2005 |

**3. Payments to creditors**
*Complete A. or B., as appropriate, and C.*

**None**
**[X]**

A. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor** | **Dates of Payments** | **Amount Paid** | **Amount Still Owing** |
|---|---|---|---|
| | | | |

**None**
**[X]**

B. *Debtors whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor** | **Dates of Payments / Transfers** | **Amount Paid or Value of Transfers** | **Amount Still Owing** |
|---|---|---|---|
| | | | |

Form7. Statement of Financial Affairs

None
[X]

C. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

None
[ ]

**4. Suits and administrative proceedings, executions, garnishments and attachments**

A. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| WAYNE ENTERPRISES V. DEBTORS | COLLECTION | | JUDGMENT ENTERED |
| OCWIN/WELLS FARGO V. DEBTORS 253 CIVIL 2004 | MORTGAGE FORECLOSURE | COMMON PLEAS WAYNE COUNTY | JUDGMENT AND SHERIFF'S SALE |
| BORSDAM & DOWDING, INC. V REBECCA DECKER CV 27-06 | COLLECTION | MDJ BONNIE P. LEWIS HONESDALE, WAYNE COUNTY, PA | JUDGMENT ENTERED |
| ROBERT D. SUHOSKY V DEBTORS LT 117-06 | COLLECTION | MDJ BONNIE P. LEWIS HONESDALE, WAYNE COUNTY, PA | JUDGMENT ENTERED, SHERIFF'S SALE SCHEDULED |

None
[X]

B. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

Form7. Statement of Financial Affairs

**None**
**[ ]**

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|
| CAR LOTTA CREDIT ROUTE 6 BLAKELY, PA | 2/05 | REPOSSED VEHICLE. 2004 MINIVAN. $4,000.00 |
| GMAC | 01/06 | Vehicle repossessed. 2003 Chevy Slverado $9,000.00 |
| OCWIN/WELLS FARGO C/O DAVID E. ABLERTS, ESQUIRE 2030 STELTON RD STE 102 PISCATAWAY, NJ 08854 | 10/04 | RESIDENTIAL PROPERTY 1302 WEST SIDE AVENUE, HONESDALE, PA $80,000.00 |

**None**
**[X]**

**6. Assignments and receiverships**

A. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|

**None**
**[X]**

B. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court, Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|

**None**
**[X]**

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|
| | | | |

**None**
**[X]**

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, If Loss was Covered in Whole or in Part By Insurance, Give Particulars | Date Of Loss |
|---|---|---|
| | | |

**None**
**[ ]**

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Money Management International Consumer Credit Counseling Svc. | | |
| RAYMOND W. FERRARIO, P.C. SUITE 528 SCRANTON LIFE BLDG 538 SPRUCE ST. SCRANTON, PA 18503-1816 | | $1,500.00 |

**None**
**[ ]**

**10. Other transfers**

A. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
| --- | --- | --- |
| WILLIAM SCHLITTER | MARCH 2006 | SOLD APPROX. 2003 UTILITY TRAILER, $2,200.00. |

**None**
**[X]**

B. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
| --- | --- | --- |

**None**
**[X]**

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type and Number of Account and Amount of Final Balance | Amount and Date of Sale or Closing |
| --- | --- | --- |

**None**
**[X]**

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Name and Addresses of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
| --- | --- | --- | --- |

Form7. Statement of Financial Affairs

**None**
**[X]**

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
| --- | --- | --- |

---

**None**
**[ ]**

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
| --- | --- | --- |
| Joseph Decker III<br>1322 Callicoon Rd.<br>Damascus, PA 18415 | 2 bank accounts held in trust for son until he reaches the age of 18, proceeds from settlement of a law suit.<br>$125,000.00 | Orange County Trust, Middletown, NY and Goshen National Bank, Goshen, NY |

---

**None**
**[ ]**

**15. Prior address of debtor**

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name Used | Dates of Occupancy |
| --- | --- | --- |
| 1302 Westside Avenue<br>Honesdale, PA 18431 | Address of both Husband and Wife | |
| 283 Schoolhouse Road<br>Honesdale, PA 18431 | Rebecca Decker<br>Address of Wife | |

---

**None**
**[X]**

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**Name**

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

Form7. Statement of Financial Affairs

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

_____

**None**
**[X]**
A. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| | | | |

_____

**None**
**[X]**
B. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| | | | |

_____

**None**
**[X]**
C. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|
| | | |

_____

**None**
**[ ]**
**18. Nature, location and name of business**

A. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full-time or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| Name | Last Four Digits of Soc. Sec. No./ Complete EIN or Other Taxpayer I.D. No. | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| | | | | |

Form7. Statement of Financial Affairs

|                      |                                                   |                        |
| -------------------- | ------------------------------------------------- | ---------------------- |
| FORECLOSURE SERVICE  | 1302 WEST SIDE AVE. HONESDALE, PA 18431           | SOLE PROPRIETORSHIP    |

**None**
**[X]**

B. Identify any business listed in response to subdivision A., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**Name**                                    **Address**

_____

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date     18-Sep-2006                             /s/Joseph Decker Jr.
                                                                         Signature of Debtor
                                                                         Joseph Decker Jr.

Date     18-Sep-2006                             /s/Rebecca Lynn Decker
                                                                  Signature of Joint Debtor, (if any)
                                                                        Rebecca Lynn Decker

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date                              Signature _____

                                      Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11 U.S.C. § 110)

       I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name of Bankruptcy Petition Preparer              Social Security Number
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer                            Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.

Form7. Statement of Financial Affairs

Raymond W. Ferrario
Raymond W. Ferrario, P.C.
538 Spruce Street
Suite 528
Scranton, PA 18503-1816
Tel: (570) 963-7878
Fax: (570) 963-7850
**Attorney for Petitioners**

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania
## Wilkes-Barre Division

In re:                                                                                          Chapter 7
Joseph Decker Jr.                                          Case Number: _____
Last four digits of Social Security No.: 8130
Rebecca Lynn Decker
Last four digits of Social Security No.: 7551
Debtors

## VERIFICATION OF CREDITOR MAILING MATRIX

The above named debtors or debtors' attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 1 pages including this declaration, is complete, correct and consistent with the debtors' schedules pursuant to the local bankruptcy rules and we assume all responsibility for errors and omissions.

Dated: Monday, September 18, 2006

/s/Joseph Decker Jr.
Joseph Decker Jr.
Debtor

/s/Rebecca Lynn Decker
Rebecca Lynn Decker
Joint Debtor

/s/Raymond W. Ferrario
Raymond W. Ferrario
Attorney for Petitioners

# United States Bankruptcy Court
## Middle District of Pennsylvania
### Wilkes-Barre Division

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter    **7**

**Last four digits of Social Security No.:** 8130

Debtors                                    **7551**

# INDIVIDUAL DEBTOR'S STATEMENT OF INTENTIONS

☐ We have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☒ We have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☒ We intend to do the following with respect to the property of the estate which secures those consumer debts:

## Property Securing Debt

| Description of Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. §722 | Debt will be reaffirmed pursuant to 11 U.S.C. §524(c) |
|---|---|---|---|---|---|
| **None** | | | | | |

## Other Intentions

| Description of Property | Creditor's Name | Intention |
|---|---|---|
| 2000 Izuzu Trooper, 115,000 ,miles, fair conditoin | AMERICREDIT | Reaffirm |

## Contracts and Leases

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. §362(h)(1)(A) |
|---|---|---|
| Residential lease with mother, Susan Decker, $1,200 mo. 1 year lease. | Timothy J. O'Sullivan | |

Date:  September 18, 2006

Signed:  /s/Joseph Decker Jr.

Joseph Decker Jr.

/s/Rebecca Lynn Decker

Rebecca Lynn Decker

() continuation sheet(s) attached

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania
### Wilkes-Barre Division

In re:                                                                                      Chapter 7

Joseph Decker Jr.                                          Case Number: _____

Last four digits of Social Security No.: 8130

Rebecca Lynn Decker

Last four digits of Social Security No.: 7551

Debtors

## Disclosure of Compensation of Attorney for Debtor

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept................................................... $1,201.00

    Prior to the filing of this statement I have received.................................... $1,201.00

    Balance Due....................................................................................... $0.00

2.  The source of the compensation paid to me was:
    [X] Debtor [ ] Other (specify)

3.  The source of compensation to be paid to me is:
    [X] Debtor [ ] Other (specify)

4.  [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5.  In return for the above fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

    e.  Other:

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    $200 per hour after first meeting of creditors.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date:    18-Sep-2006                              /s/Raymond W. Ferrario

                                                  Signature of Attorney
                                                  Raymond W. Ferrario
                                                  Raymond W. Ferrario, P.C.

# United States Bankruptcy Court
## Middle District of Pennsylvania
### Wilkes-Barre Division

In re: **Joseph Decker Jr. and Rebecca Lynn Decker**

Case No.

Chapter    **7**

**Last four digits of Social Security No.:** 8130
Debtors             7551

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
# [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Govenmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

In re: **Joseph Decker Jr. and Rebecca Lynn**
_____
Debtor(s)

Case Number: _____
(If known)

| According to the calculations required by this statement: |
|---|
| ☐ **The presumption arises.** |
| ☒ **The presumption does not arise.** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
## FOR USE IN CHAPTER 7 ONLY

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

## Part I.  EXCLUSION FOR DISABLED VETERANS

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII.  Do not complete any of the remaining parts of this statement. |
|---|---|
| | ☐ **Veteran's Declaration.**  By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as  defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §  901(1)). |

## Part II.  CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.**   Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| | a. ☐ Unmarried.  **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | b. ☐ Married, not filing jointly, with declaration of separate households.  By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of  § 707(b)(2)(A) of the Bankruptcy Code."  **Complete only Column A ("Debtor's Income")  for Lines 3-11.** |
| | c. ☐ Married, not filing jointly, without the  declaration of separate households set out in 2.b above.   **Complete  both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
| | d. ☒ Married, filing jointly.  **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | | |
| 3 | Gross wages. salary, tips, bonuses, overtime, commissions. | $0.00 | $1,075.00 |
| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
| | a. Gross receipts      $0.00 | | |
| | b. Ordinary and necessary business expenses      $0.00 | | |
| | c. Business income      Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | Rent and other real property income. Subtract Line b from Line a and enter the difference on Line 5. Do not enter a number less than zero.   **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
| | a. Gross receipts      $0.00 | | |
| | b. Ordinary and necessary operating expenses      $0.00 | | |
| | c. Rental income      Subtract Line b from Line a | $0.00 | $0.00 |
| 6 | Interest, dividends and royalties. | $0.00 | $0.00 |
| 7 | Pension and retirement income. | $0.00 | $0.00 |
| 8 | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.  Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $0.00 |
| 9 | Unemployment compensation.  Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor    $0.00    Spouse    $0.00 | $922.50 | $0.00 |

| 10 | Income from all other sources. If necessary, list additional sources on a separate page. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>(See attached)<br><br>Total and enter on Line 10. | $622.00 | $0.00 |
|---|---|---|---|
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add lines 3 through 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $1,544.50 | $1,075.00 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $2,619.50 |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | | $31,434.00 |
|---|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: Pennsylvania    b. Enter debtor's household size:   6 | | $79,169.00 |
| 15 | **Application of Section § 707(b)(7).** Check the applicable box and proceed as directed.<br><br>[X] **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete parts IV, V, VI, or VII.<br><br>[ ] **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | | |

**Complete Parts IV, V, VI and VII of this statement only if required. (See Line 15).**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expenses for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.**<br><br>a. IRS Housing and Utilities Standards; mortgage/rental expense<br>b. Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42<br>c. Net mortgage/rental expense    Subtract Line b from Line a. | |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
|---|---|---|
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0    ☐ 1    ☐ 2 or more<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at  www.usdoj.gov/ust/  or from the clerk of the bankruptcy court.) | |

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1**   Check the number of vehicles for which you claim an ownership/lease expense.  (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1    ☐ 2 or more<br>Enter, in the line below, the amount from IRS Transportation Standards, Ownership Costs, First Car (available at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.        **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, First Car | |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.**        Complete this line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.        **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, Second Car | |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| 25 | **Other Necessary Expenses: taxes.**   Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.   **Do not include real estate or sales taxes.** | |
|---|---|---|
| 26 | **Other Necessary Expenses: mandatory payroll deductions.**        Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | |
| 27 | **Other Necessary Expenses: life Insurance.**   Enter average monthly premiums that you actually pay for term life insurance for yourself **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | |
| 28 | **Other Necessary Expenses: court-ordered payments.**   Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.    **Do not include payments on past due support obligations included in Line 44.** | |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**   Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |

| 30 | **Other Necessary Expenses: childcare.**   Enter the average monthly amount that you actually expend on childcare. **Do not include payments made for children's  education.** | |
| 31 | **Other Necessary Expenses: health care.**   Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 34.** | |
| 32 | **Other Necessary Expenses: telecommunication services.**Enter the total monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance or internet services necessary for the health and welfare of you or your dependents.        **Do not include any amount previously deducted.** | |
| 33 | **Total Expenses Allowed under IRS Standards.**   Enter the total of Lines 19 through 32. | |

| Subpart B:  Additional Expense Deductions under § 707(b) |
| Note: Do not include any expenses that you have listed in Lines 19-32 |

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.**   List the average monthly amounts that you actually expend in each of the following categories and enter the total. | |
| | | a. | Health Insurance | |
| | | b. | Disability Insurance | |
| | | c. | Health Savings Account | |
| | | | | Total: Add Lines a, b and c |
| 35 | **Continued contributions to the care of household or family members.**   Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | |
| 36 | **Protection against family violence.**   Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Protection and Services Act or other applicable federal law. | |
| 37 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | |
| 38 | **Educational expenses for dependent children less than 18.**   Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | |
| 39 | **Additional food and clothing expenses.**   Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | |
| 40 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | |
| 41 | **Total Additional Expense Deductions under § 707 (b).**   Enter the total of Lines 34 through 40 | |

| Subpart C:  Deductions for Debt Payment |

| 42 | **Future payments on secured claims.**   For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment.  The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page.<br><br>Total and enter on Line 42 | |

| 43 | **Past due payments on secured claims.** If any of the debts listed in Line 42 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page.<br><br>Total and enter on Line 43 | |
|---|---|---|
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at  www.usdoj.gov/ust/  or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | |
|---|---|---|

| **Subpart D:  Total Deductions Allowed under § 707(b)(2)** | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707 (b)(2).** Enter the total of Lines 33, 41, and 46. | |

## Part VI.  DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | |
| 51 | **60-month disposable  income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,000.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,000.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,000, but not more than $10,000.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt.** | |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | |
| 55 | **Secondary  presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.<br><br>Total and enter on Line 56 |
|---|---|

## Part VIII: VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: _____ Signature: /s/Joseph Decker Jr. _____<br>(Debtor)<br><br>Date: _____ Signature: /s/Rebecca Lynn Decker _____<br>(Joint Debtor, if any) |
|---|---|

## Attachment: INCOME FROM ALL OTHER SOURCES

| a. | Food stamps | $622.00 |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**Middle District of Pennsylvania**
**Wilkes-Barre Division**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER §342 OF THE BANKRUPTCY CODE

_____

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

**1. Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

**2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($220 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $274)**

 1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

 2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

 3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($150 filing fee, $39 administrative fee: Total fee $189)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. <u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Print name and title, if any,  of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
(Required by 11 USC § 110)

_____
_____
Address                              Tel . No.

_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Date

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| 18-Sep-2006 | /s/Joseph Decker Jr. | |
|---|---|---|
| Date | Signature of Debtor<br>Joseph Decker Jr. | Case Number, if known |

| 18-Sep-2006 | /s/Rebecca Lynn Decker |
|---|---|
| Date | Signature of Joint Debtor<br>Rebecca Lynn Decker |